IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FRANCILLE KAY HENDERSON                                                    PLAINTIFF

vs.                                    Civil No. 6:12-cv-06122

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Francille Kay Henderson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her DIB application on June 15, 2010 and protectively filed her SSI application on July 12, 2010.  (Tr. 12, 105, 118).  Plaintiff alleges being disabled due to fibromyalgia, rheumatoid arthritis, biopolar disorder, anxiety, and high blood pressure.  (Tr. 148).  Plaintiff alleges an onset date of May 20, 2010.  (Tr. 12, 105, 118).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 56-59). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 76-78).

On August 2, 2011, this administrative hearing was held in Hot Springs, Arkansas. (Tr. 28-55). Plaintiff was present at this hearing and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fifty-five (55) years old, which is defined a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) (DIB) and 20 C.F.R. § 416.963(e) (2008) (SSI). (Tr. 32). As for her level of education, Plaintiff testified she had obtained her GED. *Id.*

After this hearing, on October 4, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 9-22). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 20, 2010, her alleged onset date. (Tr. 14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, adjustment disorder with anxiety, and obesity. (Tr. 14-15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 16-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform the full range of light, unskilled work as defined in 20 CFR 404.1567(b) and 416.967(b).  This type of work involves lifting no more than 20 pounds at a time and frequently lifting or carrying objects weighing up to 10 pounds, and standing and walking with normal breaks for a total of about 6 hours in an 8-hour workday and sitting with normal breaks for a total of about 6 hours in an 8-hour workday.  She is able to perform work where interpersonal contact is incidental to the work performed; where complexity of tasks is learned and performed by rote; tasks have few variables and require little judgment; and where supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22, Finding 6).  The VE testified at the administrative hearing regarding Plaintiff's PRW.  *Id.*  Considering her RFC and that testimony, the ALJ determined Plaintiff was capable of performing her PRW as a tachometer assembler (light, unskilled) and painter (light, unskilled).  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 20, 2010 through the date of his decision or through October 4, 2011.  (Tr. 22, Finding 7).

Thereafter, on October 18, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On October 4, 2012, the Appeals Council denied this request for review. (Tr. 1-3). On October 29, 2013, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on November 20, 2012. ECF No. 7.  Both Parties have filed appeal briefs.  ECF Nos. 10-11.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

4

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (1) the ALJ erred in finding her impairments did not meet the requirements of Listing 1.00(b)(2)(b)(d) and Listing 14.09; (2) the ALJ erred in evaluating the severity of her impairments when he assessed her RFC; and (3) the ALJ failed to fully and fairly evaluate her vocational profile. ECF No. 10 at 1-21. Because the ALJ's RFC determination is not supported by substantial evidence in the record, the Court will only address Plaintiff's second argument for reversal.

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence. *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010). The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others. *Id.* The ALJ's RFC determination must also be supported by "some" medical evidence. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In Plaintiff's applications, she alleges being disabled due to fibromyalgia and rheumatoid

5

arthritis. (Tr. 148). During the administrative hearing in this matter, Plaintiff also testified she suffers from "pain all over" resulting from her fibromyalgia. (Tr. 40). She testified that she suffers from this pain everyday, and this pain lasts throughout the day. *Id.* She testified she was diagnosed with rheumatoid arthritis in 2010. (Tr. 43). She testified she has pain "all the time" as a result of this rheumatoid arthritis; and the pain is in her joints, including the joints in her fingers, knees, and shoulders. (Tr. 44).

The findings of Dr. P. Ross Bandy, M.D. also support her claims regarding her fibromyalgia and rheumatoid arthritis. (Tr. 205-208). In his report, Dr. Bandy diagnosed Plaintiff with fibromyalgia and found Plaintiff also suffered from "[f]eatures of seronegative rheumatoid arthritis of hands and other joints, including left elbow." *Id.* In his opinion, the ALJ considered–then discounted–Dr. Bandy's findings. (Tr. 18). However, instead of considering all of Dr. Bandy's findings, the ALJ instead focused upon the findings that supported his RFC determination. Notably, the ALJ focused upon the fact Plaintiff showed "no inflammation of the wrists or fingers" during this examination. (Tr. 18). The ALJ also found Plaintiff did not properly follow-up with Dr. Bandy and did not undergo the testing that he recommended during this examination. *Id.* The ALJ did not assign any significance to Dr. Bandy's diagnoses of fibromyalgia and rheumatoid arthritis and did no provide reasons for rejecting those diagnoses. *Id.*

While the ALJ was correct that Plaintiff did not exhibit inflammation and apparently did not follow-up with Dr. Bandy, he was not entirely free to disregard all of Dr. Bandy's other findings. This is especially true since the ALJ offers no other medical evidence in support of his determination that Plaintiff has no limitations in her ability to, for example, grasp with her hands.[2] In his RFC

---

[2] Although it appears those surgeries were outside the relevant time period in this case, Plaintiff's medical records also indicate Plaintiff had undergone surgery twice for carpal tunnel syndrome in the right wrist and once for carpal tunnel syndrome in her left wrist. (Tr. 35-36, 210)

6

determination, the ALJ simply found Plaintiff could perform the "full range of light, unskilled work" and had no such restrictions due to her fibromyalgia and arthritis. (Tr. 16-17, Finding 5).

Because the ALJ did not provide medical support for this determination that Plaintiff has no manipulative limitations due to her fibromyalgia and rheumatoid arthritis, the Court cannot find the ALJ's RFC determination regarding those limitations is supported by any medical evidence. *See Perks,* 687 F.3d at 1092 (RFC determination must be supported by "some" medical evidence). Thus, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE